SFK    14-30003

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LULA M. POWELL, and <br> JOE N. POWELL, <br>             Plaintiffs, <br>       v. <br> THE UNITED STATES OF AMERICA, <br> ROSELAND COMMUNITY HOSPITAL <br>   ASSOCIATION, a corporation d/b/a <br>   ROSELAND COMMUNITY HOSPITAL, <br> EMERGENCY MEDICAL SPECIALISTS, S.C., <br> LARRY MITCHELL, M.D., <br>             Defendants. | ) <br> ) <br> ) <br> ) <br> )   No.: 1:14-cv-00174 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## FIRST AMENDED COMPLAINT AT LAW

## COUNT I – MEDICAL NEGLIGENCE – U.S.A.

Plaintiff, LULA M. POWELL, by her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, THE UNITED STATES OF AMERICA (hereinafter "U.S.A."), states as follows:

    1.    On May 4, 2011, and at all times mentioned herein, CHICAGO FAMILY HEALTH CENTER, INC. (hereinafter "CENTER"), was a private entity that provided health care services to patients, which received grant money from the U.S. Public Health Services pursuant to 42 U.S.C. § 233(b).

    2.    On May 4, 2011, and at all times mentioned herein, TOWANDA HARRIS, M.D. (hereinafter "HARRIS") was a physician duly licensed to practice medicine in the State of Illinois, specializing in family medicine.

3. On May 4, 2011, and at all times mentioned herein, HARRIS, was a duly-authorized actual agent and employee of CENTER, acting within the scope of her agency and employment.

4. On May 4, 2011, and at all times mentioned herein, AMY LAUDE, M.D. (hereinafter "LAUDE") was a physician duly licensed to practice medicine in the State of Illinois, specializing in family medicine.

5. On May 4, 2011, and at all times mentioned herein, LAUDE was a duly-authorized actual agent and employee of CENTER, acting within the scope of her agency and employment.

6. On May 2, 2011, Plaintiff, LULA M. POWELL, presented with complaints of epigastric pain to the emergency room at Roseland Community Hospital, where she was evaluated by Carlito Javier, M.D.

7. On May 2, 2011, Carlito Javier, M.D. ordered a chest x-ray and CT scans of Plaintiff, LULA M. POWELL's chest and abdomen and pelvis as part of his diagnostic work-up.

8. The May 2, 2011, chest x-ray of Plaintiff, LULA M. POWELL performed at Roseland Community Hospital was reported as showing "coarse basilar lung markings concerning for scarring, similar to prior exam."

9. On May 2, 2011, Plaintiff, LULA M. POWELL, was transferred to South Shore Hospital and underwent a CT scan of her chest and her abdomen and pelvis.

10. The May 2, 2011, CT scan of LULA M. POWELL's chest performed at South Shore Hospital was reported as showing "a 1.4 x 1-cm soft tissue nodule in the right lower lobe" suggestive of neoplasm or inflammation.

11. The May 2, 2011, CT scan of Plaintiff, LULA M. POWELL's abdomen / pelvis performed at South Shore Hospital was reported as showing a "right lower lobe nodule concerning for a malignant process."

12. On May 2, 2011, Plaintiff, LULA M. POWELL, was transferred from South Shore Hospital back to the emergency department at Roseland Community Hospital, where she came under the care of Larry Mitchell, M.D.

13. On May 2, 2011, Larry Mitchell, M.D. discharged Plaintiff, LULA M. POWELL, from Roseland Community Hospital.

14. On May 4, 2011, and at all times mentioned herein, Plaintiff, LULA M. POWELL, presented to CENTER, and came under the treatment of HARRIS and LAUDE, and each of them.

15. On May 4, 2011, Plaintiff, LULA M. POWELL, presented to CENTER, where she was evaluated by LAUDE, for follow-up after being admitted to the emergency room at Roseland Community Hospital and undergoing a chest X-ray and CT scans.

16. On July 8, 2011, Plaintiff, LULA M. POWELL, presented to CENTER, for a laboratory test, ordered by HARRIS.

17. On July 29, 2011, Plaintiff, LULA M. POWELL, presented to CENTER, where she was evaluated by HARRIS, for an office visit.

18. On October 24, 2011, Plaintiff, LULA M. POWELL, presented to CENTER, where she was evaluated by HARRIS, for follow-up on hypertension and complaining of urinary symptoms.

19. On January 9, 2012, Plaintiff, LULA M. POWELL, presented to CENTER, where she was evaluated by HARRIS, for hypertension, renal insufficiency, hyperlipidemia, and impaired fasting glucose.

20. On March 1, 2012, Plaintiff, LULA M. POWELL, presented to CENTER for follow-up on hypertension.

21. On April 10, 2012, Plaintiff, LULA M. POWELL, presented to CENTER, where she was evaluated by Dionna Brown, M.D., complaining of sinus congestion and cough.

22. On May 8, 2012, Plaintiff, LULA M. POWELL, presented to CENTER, where she was evaluated by Dionna Brown, M.D., for trouble sleeping due to cough.

23. On May 8, 2012, Plaintiff, LULA M. POWELL, underwent a chest x-ray at Advocate Trinity Hospital, ordered by Dionna Brown, M.D., which reported a density suggestive of a mass such as a neoplasm.

24. On May 15, 2012, Plaintiff, LULA M. POWELL, presented to CENTER, where she was evaluated by Dionna Brown, M.D., for cough and discussion of her abnormal chest x-ray.

25. On May 19, 2012, Plaintiff, LULA M. POWELL, underwent a chest CT scan that showed irregular heterogeneous mass lesion in the right lower lobe of her right lung.

26. On May 31, 2012, Plaintiff, LULA M. POWELL, presented to CENTER, where she was evaluated by HARRIS, regarding her lung mass.

27. On June 14, 2012, Plaintiff, LULA M. POWELL, was diagnosed with non-small cell carcinoma, compatible with squamous cell carcinoma.

28. On May 4, 2011, and at all times mentioned herein, HARRIS, had the duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified and careful physicians under similar circumstances.

29. On May 4, 2011, and at all times mentioned herein, LAUDE had the duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified and careful physicians under similar circumstances.

30. On May 4, 2011, and at all times mentioned herein, CENTER had the duty to act as a reasonably careful clinic under similar circumstances.

31. On May 4, 2011 through June 14, 2012, HARRIS and LAUDE, and each of them, were professionally negligent in the following ways:

    a. failed to obtain the results of the CT scans performed on May 2, 2011 which reported a right lower lobe nodule concerning for a malignant process;

    b. relied on Lula for information regarding the results of the CT scans performed on May 2, 2011 rather than obtaining the actual results;

    c. failed to follow up on the results of the CT scans performed on May 2, 2011 which reported a right lower lobe nodule concerning for a malignant process.

32. On May 4, 2011 through June 14, 2012, CENTER, was professionally negligent in the following way:

    a. failed to have a policy, procedure or protocol requiring the obtaining of actual results of imaging obtained on its patients when they present for follow-up for treatment at outside facilities.

33. As a direct and proximate result of the aforesaid negligent acts or omissions, Plaintiff, LULA M. POWELL, sustained injuries of a personal and pecuniary nature.

34. Plaintiff, LULA M. POWELL, neither knew nor should have known of her injury and that it may have been wrongfully caused before May 19, 2012, when she first learned of the presence of the lung mass.

35. On February 11, 2013, within two years of the accrual of Plaintiff's cause of action against Defendant, U.S.A., Plaintiff, LULA M. POWELL, filed an administrative tort claim with the appropriate agency of the Defendant, U.S.A., the Department of Health & Human Services (HHS), with the Standard Form 95.

36. On February 14, 2013, HHS requested that Plaintiffs send additional materials to support their administrative tort claims, which Plaintiffs' attorney timely sent, and Plaintiffs have not received a response in over 6 (six) months; therefore, this cause is timely filed within the statute of limitations pursuant to 28 U.S.C. § 2401(b).

37. This Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1346(b)(1).

38. Attached to this Complaint are the attorney's affidavit and physician reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, LULA M. POWELL, demands judgment against Defendant, THE UNITED STATES OF AMERICA, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

## COUNT II – LOSS OF CONSORTIUM – U.S.A – JOE N. POWELL

Plaintiff, JOE N. POWELL, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, THE UNITED STATES OF AMERICA (hereinafter "U.S.A."), states as follows:

1-38. Plaintiff, JOE N. POWELL, re-asserts and re-alleges paragraphs 1- 38 of Count I as if fully set forth herein.

39. At all times mentioned herein, Plaintiff, LULA M. POWELL, was the lawful wedded wife of Plaintiff, JOE N. POWELL, and has sustained injuries of a personal and pecuniary nature as a result of the injuries to Plaintiff, LULA M. POWELL.

40. As a direct and proximate result of the injuries sustained by the Plaintiff, LULA M. POWELL, Plaintiff, JOE N. POWELL, sustained injuries of a personal and pecuniary nature, including, but not limited to, loss of society, companionship, affection and consortium.

41. On February 11, 2013, within two years of the accrual of Plaintiff's cause of action against Defendant, U.S.A., Plaintiff, JOE N. POWELL, filed an administrative tort claim with the appropriate agency of the Defendant, U.S.A., the Department of Health & Human Services (HHS), with the Standard Form 95.

42. On February 14, 2013, HHS requested that Plaintiffs send additional materials to support their administrative tort claims, which Plaintiffs' attorney timely sent, and Plaintiffs have not received a response in over 6 (six) months; therefore, this cause is timely filed within the statute of limitations pursuant to 28 U.S.C. § 2401(b).

43. This Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1346(b)(1).

44. Attached to this Complaint are the attorney's affidavit and physician reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, JOE N. POWELL, demands judgment against Defendant, THE UNITED STATES OF AMERICA, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

## COUNT III– MEDICAL NEGLIGENCE –
## ROSELAND COMMUNITY HOSPITAL, ET AL

Plaintiff, LULA M. POWELL, by her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, ROSELAND COMMUNITY HOSPITAL ASSOCIATION, a corporation d/b/a ROSELAND COMMUNITY HOSPITAL (hereinafter "ROSELAND"), EMERGENCY MEDICAL SPECIALISTS, S.C. (hereinafter "SPECIALISTS"), and LARRY MITCHELL, M.D. (hereinafter "MITCHELL"), and each of them, states as follows:

1. On May 2, 2011, and at all times mentioned herein, Defendant, ROSELAND, was a hospital and medical center providing various medical services for patients admitted therein, including emergency care services.

2. On May 2, 2011, and at all times mentioned herein, Defendant, SPECIALISTS, was an Illinois corporation, employing emergency room physicians at Defendant, ROSELAND.

3. On May 2, 2011, and at all times mentioned herein, Defendant, MITCHELL, was a physician duly licensed to practice medicine in the State of Illinois, specializing in emergency medicine.

4. On May 2, 2011, and at all times mentioned herein, Defendant, MITCHELL, was a duly-authorized actual and/or apparent agent and employee of Defendant, ROSELAND, acting within the scope of his apparent agency and employment.

5. On May 2, 2011, and at all times mentioned herein, Defendant, MITCHELL, was a duly-authorized actual and/or apparent agent and employee of Defendant, SPECIALISTS, acting within the scope of his apparent agency and employment.

6. On May 2, 2011, Plaintiff, LULA M. POWELL, presented to the emergency department at Defendant, ROSELAND, with complaints of epigastric pain, where she was evaluated by CARLITO JAVIER, M.D.

7. On May 2, 2011, CARLITO JAVIER, M.D. ordered a chest x-ray and CT scans of Plaintiff, LULA M. POWELL's chest and abdomen and pelvis as part of his diagnostic work-up.

8. The May 2, 2011, chest x-ray of Plaintiff, LULA M. POWELL performed at Roseland Community Hospital was reported as showing "coarse basilar lung markings concerning for scarring, similar to prior exam."

9. On May 2, 2011, Plaintiff, LULA M. POWELL, was transferred to South Shore Hospital and underwent a CT scan of her chest and her abdomen and pelvis.

10. The May 2, 2011, CT scan of Plaintiff, LULA M. POWELL's chest performed at South Shore Hospital was reported as showing "a 1.4 x 1-cm soft tissue nodule in the right lower lobe" suggestive of neoplasm or inflammation.

11. The May 2, 2011, the CT scan of Plaintiff, LULA M. POWELL's abdomen / pelvis performed at South Shore Hospital was reported as showing a "right lower lobe nodule concerning for a malignant process."

12. On May 2, 2011, Plaintiff, LULA M. POWELL, was transferred from South Shore Hospital back to the emergency department at Defendant, ROSELAND, where she came under the care of Defendant, MITCHELL.

13. On May 2, 2011, Defendant, MITCHELL, discharged Plaintiff, LULA M. POWELL, from Defendant, ROSELAND.

14. On May 2, 2011, and at all times mentioned herein, Defendant, MITCHELL, had the duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified and careful physicians under similar circumstances.

15. On May 19, 2012, Plaintiff, LULA M. POWELL, underwent a chest CT scan that showed irregular heterogeneous mass lesion in the right lower lobe of her right lung.

16. On June 14, 2012, Plaintiff, LULA M. POWELL, was diagnosed with non-small cell carcinoma, compatible with squamous cell carcinoma.

17. On May 2, 2011, and thereafter, Defendants, MITCHELL and SPECIALISTS, were professionally negligent in the following ways:

    a. Failed to be aware of Ms. Powell's preliminary emergent CT reports from Teleradiology Solutions;

9

    b. Failed to obtain and review reports from Ms. Powell's preliminary emergent CT reads prior to discharge or sign out to the next ED physician that those reports were not yet available;

    c. Negligently discharged Lula M. Powell from the emergency department at Roseland Community Hospital before receiving the findings of the CT scans.

18. As a direct and proximate result of the aforesaid negligent acts or omissions, Plaintiff, LULA M. POWELL, sustained injuries of a personal and pecuniary nature.

19. If Defendant, MITCHELL, had met the emergency medicine standard of care, Ms. Powell and her follow-up treating physicians would have been aware of the 5/2/11 CT findings suspicious for neoplasm which would have led to earlier diagnosis and treatment of her condition, non - small cell lung carcinoma.

20. Plaintiff, LULA M. POWELL, neither knew nor should have known of her injury and that it may have been wrongfully caused before May 19, 2012, when she first learned of the presence of the lung mass.

21. Supplemental jurisdiction is properly in this Court as the Court has original jurisdiction over the claims pled in Counts I and II against Defendant, U.S.A., and because the claim in this Count III is so related to the claims in Count I and II that they form part of the same case in controversy under 28 U.S.C. § 1367.

22. Attached to this Complaint at law are the attorney's affidavit and physician reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, LULA M. POWELL, demands judgment against Defendants, ROSELAND COMMUNITY HOSPITAL ASSOCIATION, a corporation d/b/a ROSELAND COMMUNITY HOSPITAL, EMERGENCY MEDICAL SPECIALISTS, S.C., and LARRY MITCHELL, M.D., and each of them, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

## COUNT IV – LOSS OF CONSORTIUM –
## ROSELAND COMMUNITY HOSPITAL, ET AL. – JOE N. POWELL

Plaintiff, JOE N. POWELL, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, ROSELAND COMMUNITY HOSPITAL ASSOCIATION, a corporation d/b/a ROSELAND COMMUNITY HOSPITAL (hereinafter "ROSELAND"), EMERGENCY MEDICAL SPECIALISTS, S.C. (hereinafter "SPECIALISTS"), and LARRY MITCHELL, M.D. (hereinafter "MITCHELL"), and each of them, states as follows:

1-23. Plaintiff, JOE N. POWELL, re-asserts and re-alleges paragraphs 1- 23 of Count III as if fully set forth herein.

24. At all times mentioned herein, Plaintiff, LULA M. POWELL, was the lawful wedded wife of Plaintiff, JOE N. POWELL, and has sustained injuries of a personal and pecuniary nature as a result of the injuries to Plaintiff, LULA M. POWELL.

25. As a direct and proximate result of the injuries sustained by the Plaintiff, LULA M. POWELL, Plaintiff, JOE N. POWELL, sustained injuries of a personal and pecuniary nature, including, but not limited to, loss of society, companionship, affection and consortium.

26. Supplemental jurisdiction is properly in this Court as the Court has original jurisdiction over the claims pled in Counts I and II against Defendant, U.S.A., and because the

claim in this Count IV is so related to the claims in Count I and II that they form part of the same case in controversy under 28 U.S.C. § 1367.

27. Attached to this Complaint are the attorney's affidavit and physician reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, JOE N. POWELL, demands judgment against Defendants, ROSELAND COMMUNITY HOSPITAL ASSOCIATION, a corporation d/b/a ROSELAND COMMUNITY HOSPITAL, EMERGENCY MEDICAL SPECIALISTS, S.C., and LARRY MITCHELL, M.D., and each of them, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

Respectfully submitted,

By: s/Keith A. Hebeisen
KEITH A. HEBEISEN
Attorney for Plaintiffs
CLIFFORD LAW OFFICES, P.C.
120 N. La Salle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
KAH@cliffordlaw.com