SFK/tls        14-30003

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOE N. POWELL, SR., as Independent )
Administrator of the Estate of LULA M. )
POWELL, deceased, and Individually )
)
              Plaintiff, )
)   No.: 1:14-cv-00174
            v. )
)
THE UNITED STATES OF AMERICA, )
ROSELAND COMMUNITY HOSPITAL )
    ASSOCIATION, a corporation d/b/a )
    ROSELAND COMMUNITY HOSPITAL, )
EMERGENCY MEDICAL SPECIALISTS, S.C., )
LARRY MITCHELL, M.D., )
)
            Defendants. )

## SECOND AMENDED COMPLAINT AT LAW

## COUNT I – WRONGFUL DEATH – U.S.A.

Plaintiff, JOE N. POWELL, SR., Independent Administrator of the Estate of LULA M. POWELL, deceased, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, THE UNITED STATES OF AMERICA (hereinafter "U.S.A."), states as follows:

1.      On May 4, 2011, and at all times mentioned herein, CHICAGO FAMILY HEALTH CENTER, INC. (hereinafter "CENTER"), was a private entity that provided health care services to patients, which received grant money from the U.S. Public Health Services pursuant to 42 U.S.C. § 233(b).

2.      On May 4, 2011, and at all times mentioned herein, TOWANDA HARRIS, M.D. (hereinafter "HARRIS") was a physician duly licensed to practice medicine in the State of Illinois, specializing in family medicine.

3.      On May 4, 2011, and at all times mentioned herein, HARRIS, was a duly-authorized actual agent and employee of CENTER, acting within the scope of her agency and employment.

4.      On May 4, 2011, and at all times mentioned herein, AMY LAUDE, M.D. (hereinafter "LAUDE") was a physician duly licensed to practice medicine in the State of Illinois, specializing in family medicine.

5.      On May 4, 2011, and at all times mentioned herein, LAUDE was a duly-authorized actual agent and employee of CENTER, acting within the scope of her agency and employment.

6.      The May 2, 2011, chest x-ray of LULA M. POWELL performed at Roseland Community Hospital was reported as showing "coarse basilar lung markings concerning for scarring, similar to prior exam."

7.      On May 2, 2011, LULA M. POWELL was transferred to South Shore Hospital and underwent a CT scan of her chest and her abdomen and pelvis.

8.      The May 2, 2011, CT scan of LULA M. POWELL's chest performed at South Shore Hospital was reported as showing "a 1.4 x 1-cm soft tissue nodule in the right lower lobe" suggestive of neoplasm or inflammation.

9.      The May 2, 2011, CT scan of LULA M. POWELL's abdomen / pelvis performed at South Shore Hospital was reported as showing a "right lower lobe nodule concerning for a malignant process."

10.     On May 2, 2011, LULA M. POWELL was transferred from South Shore Hospital back to the emergency department at Roseland Community Hospital, where she came under the care of Larry Mitchell, M.D.

11.     On May 2, 2011, Larry Mitchell, M.D. discharged LULA M. POWELL from Roseland Community Hospital.

12.     On May 4, 2011, and thereafter, LULA M. POWELL presented to CENTER, and came under the treatment of HARRIS and LAUDE, and each of them.

13.     On May 4, 2011, LULA M. POWELL presented to CENTER, where she was evaluated by LAUDE for follow-up after being admitted to the emergency room at Roseland Community Hospital and undergoing a chest X-ray and CT scans.

14.     On July 8, 2011, LULA M. POWELL presented to CENTER, for a laboratory test, ordered by HARRIS.

15.     On July 29, 2011, LULA M. POWELL presented to CENTER, where she was evaluated by HARRIS, for an office visit.

16.     On October 24, 2011, LULA M. POWELL presented to CENTER, where she was evaluated by HARRIS, for follow-up on hypertension and complaining of urinary symptoms.

17.     On January 9, 2012, LULA M. POWELL presented to CENTER, where she was evaluated by HARRIS, for hypertension, renal insufficiency, hyperlipidemia, and impaired fasting glucose.

18.     On March 1, 2012, LULA M. POWELL presented to CENTER for follow-up on hypertension.

19.     On April 10, 2012, LULA M. POWELL presented to CENTER, where she was evaluated by Dionna Brown, M.D., complaining of sinus congestion and cough.

20.     On May 8, 2012, LULA M. POWELL presented to CENTER, where she was evaluated by Dionna Brown, M.D., for trouble sleeping due to cough.

3

21.     On May 8, 2012, LULA M. POWELL underwent a chest x-ray at Advocate Trinity Hospital, ordered by Dionna Brown, M.D., which reported a density suggestive of a mass such as a neoplasm.

22.     On May 15, 2012, LULA M. POWELL presented to CENTER, where she was evaluated by Dionna Brown, M.D., for cough and discussion of her abnormal chest x-ray.

23.     On May 19, 2012, LULA M. POWELL underwent a chest CT scan that showed irregular heterogeneous mass lesion in the right lower lobe of her right lung.

24.     On May 31, 2012, LULA M. POWELL presented to CENTER, where she was evaluated by HARRIS, regarding her lung mass.

25.     On June 14, 2012, LULA M. POWELL was diagnosed with non-small cell carcinoma, compatible with squamous cell carcinoma.

26.     On May 4, 2011, and at all times mentioned herein, HARRIS, had the duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably careful physicians under similar circumstances.

27.     On May 4, 2011, and at all times mentioned herein, LAUDE had the duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably careful physicians under similar circumstances.

28.     On May 4, 2011, and at all times mentioned herein, CENTER had the duty to act as a reasonably careful clinic under similar circumstances.

29.     On May 4, 2011 through June 14, 2012, HARRIS and LAUDE, and each of them, were professionally negligent in the following ways:

> a.     failed to obtain the results of the CT scans performed on May 2, 2011 which reported a right lower lobe nodule concerning for a malignant process;

4

        b.      relied on Lula Powell for information regarding the results of the CT scans performed on May 2, 2011 rather than obtaining the actual results;

        c.      failed to follow up on the results of the CT scans performed on May 2, 2011 which reported a right lower lobe nodule concerning for a malignant process.

30.      On May 4, 2011 through June 14, 2012, CENTER, was professionally negligent in the following way:

        a.      failed to have a policy, procedure or protocol requiring the obtaining of actual results of imaging obtained on its patients when they present for follow-up for treatment at outside facilities.

31.      As a direct and proximate result of the aforesaid negligent acts or omissions, LULA M. POWELL sustained injuries of a personal and pecuniary nature which resulted in her death on July 24, 2016.

32.      LULA M. POWELL neither knew nor should have known of her injury and that it may have been wrongfully caused before May 19, 2012, when she first learned of the presence of the lung mass.

33.      Plaintiff's decedent, LULA M. POWELL, is survived by her husband, JOE N. POWELL, SR., and her children, LISA A. NICHOLS and SANDRA R. NICHOLS, all who have sustained personal and pecuniary loss as a result of the death of LULA M. POWELL, including, but not limited to, loss of society, companionship, affection, consortium, guidance and love.

34.      Plaintiff, JOE N. POWELL, SR., is the duly appointed Independent Administrator of the Estate of LULA M. POWELL, deceased, pursuant to the attached order of the Probate Division of the Circuit Court of Cook County, and brings this action pursuant to the Wrongful Death Act of the State of Illinois, 740 ILCS 180/1 *et seq.*

35.      On February 11, 2013, within two years of the accrual of Plaintiff's cause of action against Defendant, U.S.A., LULA M. POWELL filed an administrative tort claim with the

appropriate agency of the Defendant, U.S.A., the Department of Health & Human Services (HHS), with the Standard Form 95.

36.     On December 22, 2016, following the death of LULA M. POWELL, Plaintiff, JOE POWELL, filed an administrative tort claim with the appropriate agency of the Defendant, USA, HHS, with the Standard Form 95 in his capacity as Independent Administrator of the Estate of LULA POWELL, deceased.

37.     On January 6, 2017, the Department of Health and Human Services denied Plaintiffs' administrative claim and this cause is filed within six months of that denial pursuant to 28 U.S.C. §2401(b).

38.     This Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1346(b)(1).

39.     Attached to this Second Amended Complaint are the attorney's affidavit and physician reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, JOE N. POWELL, SR., Independent Administrator of the Estate of LULA M. POWELL, deceased, demands judgment against Defendant, THE UNITED STATES OF AMERICA, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

### COUNT II – SURVIVAL ACT – U.S.A

Plaintiff, JOE N. POWELL, SR., Independent Administrator of the Estate of LULA M. POWELL, deceased, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, THE UNITED STATES OF AMERICA (hereinafter "U.S.A."), states as follows:

1-30.   Plaintiff, JOE N. POWELL, SR., re-asserts and re-alleges Paragraphs 1-30 of Count I of this Second Amended Complaint at Law as if fully set forth herein.

6

31.     As a direct and proximate result of the aforesaid negligent acts or omissions, LULA M. POWELL sustained injuries of a personal and pecuniary nature before her death, including, but not limited to, conscious pain and suffering, and had she survived she would have been entitled to bring an action for those injuries and this action survives her.

32.     Plaintiff, JOE N. POWELL, SR., is the duly appointed Independent Administrator of the Estate of LULA M. POWELL, deceased, pursuant to the attached order of the Probate Division of the Circuit Court of Cook County, and brings this action pursuant to the Survival Act of the State of Illinois, 755 ILCS 5/27-6 *et seq.*

33.     On February 11, 2013, within two years of the accrual of Plaintiff's cause of action against Defendant, U.S.A., LULA M. POWELL filed an administrative tort claim with the appropriate agency of the Defendant, U.S.A., the Department of Health & Human Services (HHS), with the Standard Form 95.

34.     On December 22, 2016, following the death of LULA M. POWELL, Plaintiff, JOE POWELL, filed an administrative tort claim with the appropriate agency of the Defendant, USA, HHS, with the Standard Form 95 in his capacity as Independent Administrator of the Estate of LULA POWELL, deceased.

35.     On January 6, 2017, the Department of Health and Human Services denied Plaintiffs' administrative claim and this cause is filed within six months of that denial pursuant to 28 U.S.C. §2401(b).

36.     This Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1346(b)(1).

37.     Attached to this Second Amended Complaint are the attorney's affidavit and physician reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, JOE N. POWELL, SR., Independent Administrator of the Estate of LULA M. POWELL, deceased, demands judgment against Defendant, THE UNITED STATES OF AMERICA, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

### COUNT III – LOSS OF CONSORTIUM – U.S.A – JOE N. POWELL

Plaintiff, JOE N. POWELL, Individually, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, THE UNITED STATES OF AMERICA (hereinafter "U.S.A."), states as follows:

1-30.   Plaintiff, JOE N. POWELL, re-asserts and re-alleges paragraphs 1- 30 of Count I as if fully set forth herein.

31.   At all times mentioned herein, Plaintiff, JOE. N. POWELL, was the lawful wedded husband of Plaintiff, LULA M. POWELL, and has sustained injuries of a personal and pecuniary nature as a result of the injuries to LULA M. POWELL before her death.

32.   As a direct and proximate result of the injuries sustained by LULA M. POWELL, Plaintiff, JOE N. POWELL, sustained injuries of a personal and pecuniary nature, including, but not limited to, loss of society, companionship, affection and consortium.

33.   On February 11, 2013, within two years of the accrual of Plaintiff's cause of action against Defendant, U.S.A., Plaintiff, JOE N. POWELL, filed an administrative tort claim with the appropriate agency of the Defendant, U.S.A., the Department of Health & Human Services (HHS), with the Standard Form 95.

34.   On February 14, 2013, HHS requested that Plaintiffs send additional materials to support their administrative tort claims, which Plaintiffs' attorney timely sent, and Plaintiffs have

not received a response in over 6 (six) months; therefore, this cause is timely filed within the statute of limitations pursuant to 28 U.S.C. § 2401(b).

35.     This Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1346(b)(1).

36.     Attached to this Second Amended Complaint are the attorney's affidavit and physician reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, JOE N. POWELL, Individually, demands judgment against Defendant, THE UNITED STATES OF AMERICA, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

## COUNT IV– WRONGFUL DEATH –
## ROSELAND COMMUNITY HOSPITAL, ET AL

Plaintiff, JOE N. POWELL, SR., Independent Administrator of the Estate of LULA M. POWELL, Deceased, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, ROSELAND COMMUNITY HOSPITAL ASSOCIATION, a corporation d/b/a ROSELAND COMMUNITY HOSPITAL (hereinafter "ROSELAND"), EMERGENCY MEDICAL SPECIALISTS, S.C. (hereinafter "SPECIALISTS"), and LARRY MITCHELL, M.D. (hereinafter "MITCHELL"), and each of them, states as follows:

1.     On May 2, 2011, and at all times mentioned herein, Defendant, ROSELAND, was a hospital and medical center providing various medical services for patients admitted therein, including emergency care services.

2.     On May 2, 2011, and at all times mentioned herein, Defendant, SPECIALISTS, was an Illinois corporation, employing emergency room physicians at Defendant, ROSELAND.

9

3.      On May 2, 2011, and at all times mentioned herein, Defendant, MITCHELL, was a physician duly licensed to practice medicine in the State of Illinois, specializing in emergency medicine.

4.      On May 2, 2011, and at all times mentioned herein, Defendant, MITCHELL, was a duly-authorized actual and/or apparent agent and employee of Defendant, ROSELAND, acting within the scope of his apparent agency and employment.

5.      On May 2, 2011, and at all times mentioned herein, Defendant, MITCHELL, was a duly-authorized actual and/or apparent agent and employee of Defendant, SPECIALISTS, acting within the scope of his apparent agency and employment.

6.      On May 2, 2011, LULA M. POWELL presented to the emergency department at Defendant, ROSELAND, with complaints of epigastric pain, where she was evaluated by CARLITO JAVIER, M.D.

7.      On May 2, 2011, CARLITO JAVIER, M.D. ordered a chest x-ray and CT scans of LULA M. POWELL's chest and abdomen and pelvis as part of his diagnostic work-up.

8.      The May 2, 2011, chest x-ray of LULA M. POWELL performed at Roseland Community Hospital was reported as showing "coarse basilar lung markings concerning for scarring, similar to prior exam."

9.      On May 2, 2011, LULA M. POWELL was transferred to South Shore Hospital and underwent a CT scan of her chest and her abdomen and pelvis.

10.     The May 2, 2011, CT scan of LULA M. POWELL's chest performed at South Shore Hospital was reported as showing "a 1.4 x 1-cm soft tissue nodule in the right lower lobe" suggestive of neoplasm or inflammation.

11.     The May 2, 2011, the CT scan of LULA M. POWELL's abdomen / pelvis performed at South Shore Hospital was reported as showing a "right lower lobe nodule concerning for a malignant process."

12.     On May 2, 2011, LULA M. POWELL was transferred from South Shore Hospital back to the emergency department at Defendant, ROSELAND, where she came under the care of Defendant, MITCHELL.

13.     On May 2, 2011, Defendant, MITCHELL, discharged LULA M. POWELL from Defendant, ROSELAND.

14.     On May 2, 2011, and at all times mentioned herein, Defendant, MITCHELL, had the duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably careful physicians under similar circumstances.

15.     On May 19, 2012, LULA M. POWELL underwent a chest CT scan that showed an irregular heterogeneous mass lesion in the right lower lobe of her right lung.

16.     On June 14, 2012, LULA M. POWELL was diagnosed with non-small cell carcinoma, compatible with squamous cell carcinoma.

17.     On May 2, 2011, and thereafter, Defendants, ROSELAND and SPECIALISTS, through their actual or apparent agent, MITCHELL, were professionally negligent in the following ways:

> a. Failed to be aware of Lula M. Powell's preliminary emergent CT reports from Teleradiology Solutions;
>
> b. Failed to obtain and review reports from Lula M. Powell's preliminary emergent CT reads prior to discharge or sign out to the next ED physician that those reports were not yet available;
>
> c. Negligently discharged Lula M. Powell from the emergency department at Roseland Community Hospital before receiving the findings of the CT scans.

11

18.     As a direct and proximate result of the aforesaid negligent acts or omissions, LULA M. POWELL sustained injuries of a personal and pecuniary nature which resulted in her death on July 24, 2016.

19.     If Defendant, MITCHELL, had met the emergency medicine standard of care, Ms. Powell and her follow-up treating physicians would have been aware of the 5/2/11 CT findings suspicious for neoplasm which would have led to earlier diagnosis and treatment of her condition, non - small cell lung carcinoma.

20.     Plaintiff's Decedent, LULA POWELL, is survived by her husband, JOE N. POWELL, SR., and her children, LISA A. NICHOLAS and SANDRA R. NICHOLS, all who have sustained personal and pecuniary losses as a result of the death of LULA POWELL, including, but not limited to, loss of society, companionship, affection, consortium, guidance and love.

21.     Plaintiff, JOE N. POWELL, SR., is the duly appointed Independent Administrator of the Estate of LULA POWELL, Deceased, pursuant to the attached order of the Probate Division of the Circuit Court of Cook County, and brings this action pursuant to the Wrongful Death Act of the State of Illinois, 740 ILCS 180/1 *et seq.*

22.     Plaintiff's decedent, LULA M. POWELL, neither knew nor should have known of her injury and that it may have been wrongfully caused before May 19, 2012, when she first learned of the presence of the lung mass.

23.     Supplemental jurisdiction is properly in this Court as the Court has original jurisdiction over the claims pled in Counts I, II and III against Defendant, U.S.A., and because the claim in this Count IV is so related to the claims in Count I and II that they form part of the same case in controversy under 28 U.S.C. § 1367.

24.     Attached to this Second Amended Complaint at law are the attorney's affidavit and physician reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, JOE N. POWELL, SR., Independent Administrator of the Estate of LULA M. POWELL, Deceased, demands judgment against Defendants, ROSELAND COMMUNITY HOSPITAL ASSOCIATION, a corporation d/b/a ROSELAND COMMUNITY HOSPITAL, EMERGENCY MEDICAL SPECIALISTS, S.C., and LARRY MITCHELL, M.D., and each of them, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

## COUNT V– SURVIVAL ACTION –

## ROSELAND COMMUNITY HOSPITAL, ET AL.

Plaintiff, JOE N. POWELL, SR., Independent Administrator of the Estate of LULA POWELL, Deceased, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, ROSELAND COMMUNITY HOSPITAL ASSOCIATION, a corporation d/b/a ROSELAND COMMUNITY HOSPITAL (hereinafter "ROSELAND"), EMERGENCY MEDICAL SPECIALISTS, S.C. (hereinafter "SPECIALISTS"), and LARRY MITCHELL, M.D. (hereinafter "MITCHELL"), and each of them, states as follows:

1-18.    Plaintiff, JOE N. POWELL, SR., re-asserts and re-alleges paragraphs 1- 18 of Count IV as if fully set forth herein.

19.     As a direct and proximate results of the aforesaid negligent acts or omissions, Plaintiff's decedent, LULA M. POWELL, sustained injuries of a personal and pecuniary nature before her death, including, but not limited to, conscious pain and suffering, and had she survived she would have been entitled to bring an action for those injuries and this action survives her.

13

20.     Plaintiff, JOE N. POWELL, SR., is the duly appointed Independent Administrator of the Estate of LULA POWELL, Deceased, pursuant to the attached order of the Probate Division of the Circuit Court of Cook County, and brings this action pursuant to the Survival Act of the State of Illinois, 755 ILCS 5/27-6 *et seq.*

21.     Plaintiff's decedent, LULA M. POWELL, neither knew nor should have known of her injury and that it may have been wrongfully caused before May 19, 2012, when she first learned of the presence of the lung mass.

22.     Supplemental jurisdiction is properly in this Court as the Court has original jurisdiction over the claims pled in Counts I, II and III against Defendant, U.S.A., and because the claim in this Count IV is so related to the claims in Count I and II that they form part of the same case in controversy under 28 U.S.C. § 1367.

23.     Attached to this Second Amended Complaint at law are the attorney's affidavit and physician reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, JOE N. POWELL, SR., Independent Administrator of the Estate of LULA M. POWELL, Deceased, demands judgment against Defendants, ROSELAND COMMUNITY HOSPITAL ASSOCIATION, a corporation d/b/a ROSELAND COMMUNITY HOSPITAL, EMERGENCY MEDICAL SPECIALISTS, S.C., and LARRY MITCHELL, M.D., and each of them, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

## COUNT VI – LOSS OF CONSORTIUM –

## ROSELAND COMMUNITY HOSPITAL, ET AL. – JOE N. POWELL

Plaintiff, JOE N. POWELL, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, ROSELAND COMMUNITY HOSPITAL ASSOCIATION, a corporation d/b/a ROSELAND COMMUNITY HOSPITAL (hereinafter "ROSELAND"), EMERGENCY MEDICAL SPECIALISTS, S.C. (hereinafter "SPECIALISTS"), and LARRY MITCHELL, M.D. (hereinafter "MITCHELL"), and each of them, states as follows:

1-17.    Plaintiff, JOE N. POWELL, SR., re-asserts and re-alleges paragraphs 1- 17 of Count VI as if fully set forth herein.

18.    At all times mentioned herein, JOE N. POWELL, was the lawful wedded husband of LULA M. POWELL, and sustained injuries of a personal and pecuniary nature as a result of the injuries to LULA M. POWELL, including, but not limited to, loss of society, companionship, affection and consortium before her death.

19.    Supplemental jurisdiction is properly in this Court as the Court has original jurisdiction over the claims pled in Counts I and II against Defendant, U.S.A., and because the claim in this Count IV is so related to the claims in Count I and II that they form part of the same case in controversy under 28 U.S.C. § 1367.

20.    Attached to this Second Amended Complaint are the attorney's affidavit and physician reports required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, JOE N. POWELL, SR., demands judgment against Defendants, ROSELAND COMMUNITY HOSPITAL ASSOCIATION, a corporation d/b/a ROSELAND COMMUNITY HOSPITAL, EMERGENCY MEDICAL SPECIALISTS, S.C., and LARRY MITCHELL, M.D., and each of them, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

Respectfully submitted,

By:     s/Keith A. Hebeisen
        KEITH A. HEBEISEN
        Attorney for Plaintiffs
        CLIFFORD LAW OFFICES, P.C.
        120 N. La Salle Street, Suite 3100
        Chicago, Illinois 60602
        (312) 899-9090
        KAH@cliffordlaw.com

Order Appointing Representative of Decedent's Estate - Intestate                    (02/24/15) CCP N314

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, PROBATE DIVISION

Estate of

No. 2016 P 6415

LULA M. POWELL
_____
                                    Deceased

### ORDER APPOINTING REPRESENTATIVE OF DECEDENT'S ESTATE - INTESTATE

On the Petition of  SANDRA R. NICHOLS _____ for issuance of Letters of
                                    (printed name of the Petitioner)

Administration; ~~* and the nominated representative's being a nonresident of Illinois and having complied with §1-11 of the Probate Act of 1975 [755 ILCS 5/1-11] by filing with the Court a Designation of Resident Agent to accept service of process, notice or demand required or permitted by law to be served upon the representative;~~

IT IS ORDERED THAT:

A. Letters of Administration issue to  JOE N. POWELL, SR. _____ as
                                    (printed name of the proposed representative)

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 4232 | Supervised Administrator | ☑ | 4230 | Independent Administrator |
| ☐ | 4249 | Supervised Administrator to Collect | ☐ | 4248 | Independent Administrator to Collect |
| ☐ | 4237 | Supervised Administrator de bonis non | ☐ | 4236 | Independent Administrator de bonis non |
| ☐ | 4227 | Supervised Co-Administrators | ☐ | 4231 | Independent Co-Administrators |

B. The representative shall present to the Court:

~~** 1. an Inventory as required by §14-1 of the Probate Act of 1975 [755 ILCS 5/14-1] by, or shall appear before the Court on, _____, 20____, at _____ m.;~~  ⊟ 4193
                              (not more than 60 days after the date of this Order)

~~** 2. an Account as required by §24-1 of the Probate Act of 1975 [755 ILCS 5/24-1] by, or shall appear before the Court on, _____, 20____, at _____ m.; and~~  ⊟ 4292
                              (not more than 14 months after the date of this Order)

*** 3. a Final Report as required by §28-11 of the Probate Act of 1975 [755 ILCS 5/28-11] by, or shall appear before the Court to present a written status report on, _February 8_____, 20_18_ ,
                              (not more than 14 months after the date of this Order)

   at _10:00 a._ m.  ☑ 4297

   * Strike if representative is a resident of Illinois
   ** Strike if independent administration
   *** Strike if supervised administration

Atty. No.: 40190
Name: TERESA NUCCIO
Firm Name: HARRISON & HELD, LLP
Attorney for Petitioner: JOE N. POWELL, SR.
Address: 333 WEST WACKER DRIVE, SUITE 1700
City/State/Zip Code: CHICAGO, IL 60606
Telephone: 312-621-5239
Email Address: tnuccio@harrisonheld.com

ENTERED:

ENTERED
JUDGE DANIEL B. MALONE-2012
DEC 08 2016
DOROTHY BROWN
Clerk of the Circuit Court

_____
Judge                              Judge's No.

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

KAH/tls

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOE N. POWELL, SR., as Independent )
Administrator of the Estate of LULA M. )
POWELL, deceased, and individually, )
                                 )
                  Plaintiff, )
                                 )     No.: 1:14-cv-00174
        v. )
                                   )
THE UNITED STATES OF AMERICA, )
ROSELAND COMMUNITY HOSPITAL )
   ASSOCIATION, a corporation d/b/a )
    ROSELAND COMMUNITY HOSPITAL, )
EMERGENCY MEDICAL SPECIALISTS, S.C., )
LARRY MITCHELL, M.D., )
                                   )
              Defendants. )

## PLAINTIFF'S ATTORNEY AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622(a)(1)

KEITH A. HEBEISEN states as follows:

1.      I am one of the attorneys with responsibility for this matter on behalf of the Plaintiff.

2.      I have consulted and reviewed the facts of this case with health professionals whom I reasonably believe: (i) are knowledgeable in the relevant issues involved in this particular action; (ii) practice or have practiced within the last six (6) years or teach or have taught within the last six (6) years in the same area of health care or medicine that is at issue in this particular action; and (iii) are qualified by experience or demonstrated competence in the subject of this case.

3.      The reviewing health professionals have determined in written reports after review of the medical records and other relevant material involved in this particular action that there is a reasonable and meritorious cause for the filing of this action against THE UNITED STATES OF AMERICA, ROSELAND COMMUNITY HOSPITAL ASSOCIATION, a corporation d/b/a

ROSELAND COMMUNITY HOSPITAL, EMERGENCY MEDICAL SPECIALISTS, S.C., and

LARRY MITCHELL, M.D.

      4.     Copies of the written reports are attached.

     FURTHER AFFIANT SAYETH NOT.


       s/  Keith A. Hebeisen
      KEITH A. HEBEISEN (#6185378)
      CLIFFORD LAW OFFICES, P.C.
      Attorney for Plaintiff
      120 N. La Salle Street, Suite 3100
      Chicago, Illinois 60602
      (312) 899-9090
      KAH@cliffordlaw.com

January 7, 2014

Keith A. Hebeisen
Clifford Law Offices, P.C.
120 N. LaSalle St., Suite 3100
Chicago, IL 60602
(312) 899.9090

Re:   *Lula M. Powell and Joseph N. Powell v. Roseland Community Hospital Association, a corporation, et al. Your File No. 12N-0148*

Dear Mr. Hebeisen:

I am a physician licensed to practice medicine in all of its branches, specializing in family medicine. I am knowledgeable in the relevant issues involved in this particular action. I have practiced within the last 6 years in the same area of healthcare that is at issue in this action and have substantial experience in the practice of family medicine. I am qualified by experience and demonstrated competence in the subject of this case.

I have reviewed the medical records of Lula M. Powell, including the medical records from Roseland Community Hospital, South Shore Hospital and Chicago Family Health Center, Inc. The opinions stated herein are based upon a reasonable degree of medical certainty based upon my training, experience and my review of the aforesaid materials.

On May 2, 2011, Lula presented to the emergency department at Roseland Community Hospital in Chicago, Illinois with complaints of continuous epigastric pain. Lula was seen and evaluated by Carlito Javier, M.D. As part of the evaluation, Dr. Javier ordered a chest x-ray and CT scans of the abdomen, pelvis and chest. James Beckett, M.D., a radiologist at Roseland interpreted the chest x-ray which did not indicate the presence of lung nodules.

Later that day, Lula was transferred to South Shore Hospital to undergo the CT scans ordered by Dr. Javier. The imaging studies were performed at South Shore Hospital, and thereafter Lula was transferred back to the emergency department at Roseland. Upon returning, Lula was seen and evaluated by Larry Mitchell, M.D., who diagnosed her with gastroesophageal reflux disease (GERD) and discharged her with the instructions to follow-up with her primary care physician in 1-2 days.

On May 4, 2011, Lula followed-up with her primary care physicians at Chicago Family Health Center, Inc., as instructed. In 2011, Towanda Harris, M.D. and Amy Laude, M.D. were

Lula's primary care physicians. Dr. Laude evaluated Lula on May 4, 2011, and noted in the medical record that the recent radiology reports were negative per patient.

Based upon my review of the aforementioned materials, and my training, education and experience, I have determined there is a reasonable and meritorious cause for the filing of an action against Amy Laude, M.D., Towanda Harris, M.D., and Chicago Family Health Center, Inc. My opinions, based upon a reasonable degree of medical certainty, are that certain acts or omissions of Amy Laude, M.D., Towanda Harris, M.D., and Chicago Family Health Center, Inc. breached the medical standard of care.

On May 4, 2011 through June 14, 2012, Amy Laude, M.D. and Towanda Harris, M.D. were professionally negligent in the following ways:

    a.    failed to obtain and follow-up on the results of the chest X-ray and CT scans performed at Roseland Community Hospital and South Shore Hospital; and

    b.    relied on the patient for information regarding the radiology studies that the chest X-ray and CT scans were negative when in fact the results suggested a right lower lobe nodule concerning for a malignant process.

On May 4, 2011 through June 14, 2012, Chicago Family Health Center, Inc. was professionally negligent in the following ways:

    a.    failed to have a policy requiring appropriate follow-ups to obtain actual results of imaging done at outside facilities.

The aforesaid professionally negligent acts or omissions were a proximate cause of injury to Lula M. Powell.

My opinions are subject to modification pending review of further materials.

2

Keith A. Hebeisen
Clifford Law Offices, P.C.
120 N. LaSalle St., Suite 3100
Chicago, IL 60602
(312) 899.9090

     *Re:*  *Lula M. Powell and Joseph N. Powell v. Roseland Community Hospital*
         *Association, a corporation, et al. Your File No. 12N-0148*

Dear Mr. Hebeisen:

   I am a physician licensed to practice medicine in all of its branches, specializing in emergency medicine. I am knowledgeable in the relevant issues involved in this particular action. I have practiced within the last 6 years in the same area of healthcare that is at issue in this action and have substantial experience in the practice of emergency medicine. I am qualified by experience and demonstrated competence in the subject of this case.

   I have reviewed the medical records of Lula M. Powell, including the medical records from Roseland Community Hospital and South Shore Hospital. The opinions stated herein are based upon a reasonable degree of medical certainty based upon my training, experience and my review of the aforesaid materials.

   On May 2, 2011, Lula presented to the emergency department at Roseland Community Hospital in Chicago, Illinois with complaints of continuous epigastric pain. Lula was seen and evaluated by Carlito Javier, M.D. As part of the evaluation, Dr. Javier ordered a chest x-ray and CT scans of the abdomen, pelvis and chest. James Beckett, M.D., a radiologist at Roseland interpreted the chest x-ray which did not indicate the presence of lung nodules.

   Later that day, Lula was transferred to South Shore Hospital for the purpose of undergoing the CT scans ordered by Dr. Javier. The imaging studies were performed at South Shore and Lula was transferred back to the Roseland emergency department. Upon her return, Lula was seen and evaluated by Larry Mitchell, M.D., who diagnosed her with gastroesophageal reflux disease (GERD) and discharged her with the instructions to follow-up with her primary care physician in 1-2 days.

   Based upon my review of the aforementioned materials, and my training, education and experience, I have determined there is a reasonable and meritorious cause for the filing of an

action against Carlito Javier, M.D., and Larry Mitchell, M.D. My opinions, based upon a reasonable degree of medical certainty, are that certain acts or omissions of Carlito Javier, M.D., and Larry Mitchell, M.D., breached the medical standard of care.

On May 2, 2011, and thereafter, Carlito Javier, M.D., was professionally negligent in the following ways:

      a.     failed to follow-up on the results of the CT scans performed at South Shore Hospital;

      b.     failed to contact Lula M. Powell's primary care physician and inform him of the results of the CT scans;

      c.     failed to properly communicate with Larry Mitchell, M.D., to ensure the care and treatment of Lula M. Powell was properly managed.

On May 2, 2011, and thereafter, Larry Mitchell, M.D., was professionally negligent in the following ways:

      a.     failed to follow-up on the results of the CT scans performed at South Shore Hospital;

      b.     failed to properly communicate with Carlito Javier, M.D., to ensure the care and treatment of Lula M. Powell was properly managed.

      c.     failed to contact Lula M. Powell's primary care physician and inform him of the results of the CT scans.

      d.     negligently discharged Lula M. Powell from the emergency department at Roseland Community Hospital before receiving any preliminary opinion regarding the findings of the CT scans, thereby delaying the diagnosis and treatment of her malignant lung mass.

The aforesaid professionally negligent acts or omissions of Dr. Javier and Dr. Mitchell were a proximate cause of injury to Lula M. Powell.

My opinions are subject to modification pending review of further materials.